IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMPLOYERS AND LABORERS LOCALS 100 AND 397 PENSION FUND, et al., | ) ) ) ) |
| Plaintiffs, | ) ) Case No. 21-cv-955-SMY ) |
| vs. | ) ) ) |
| ZOIE, LLC, d/b/a and/or f/d/b/a DANA HOWARD CONSTRUCTION, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs Employers and Laborers Locals 100 and 397 Pension Fund, et al. ("Plaintiff Funds") filed the instant action against Defendant ZOIE, LLC d/b/a or f/d/b/a Dana Howard Construction ("ZOIE") alleging violations of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 151, *et seq.*, and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* (Doc. 2). This matter is now before the Court on Plaintiffs' Motion for Default Judgment (Doc. 20). Defendant has not responded.

### Background

Plaintiffs filed the instant action against Defendant on August 13, 2021, alleging Defendant breached the provisions of a Promissory Note. The Promissory Note consisted of delinquent fringe benefit contributions and audit costs. The Promissory Note provided for payments to be made in the amount of $2,000.00 per month "for the entire duration of [Defendant's] performance of work on the Interstate 255 Resurface/Restore/Rehabilitate project in St. Clair County, State of Illinois. Under the Promissory Note, in the event of a breach, the

Plaintiffs were authorized to "sue pursuant to the provisions of the Employee Retirement Income Security Act for the delinquent contributions and/or other liability that is the subject of this note." The total remaining liability on the Promissory Noted is $113,555.92 plus liquidated damages and costs.

Defendant was served with a copy of the Summons and Complaint on August 19, 2021 (Doc. 5), but did not file and answer to Plaintiffs' Complaint or otherwise plead. Accordingly, the Clerk of Court entered default against Defendant on September 14, 2021 (Doc. 7).

## Discussion

A defendant must file its answer "within 21 days after being served with summons and complaint." Fed.R.Civ.P. 8(a)(1)(A)(i). A defendant who fails to do so may be found in default under Federal Rule of Civil Procedure 55(a). Default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff on each cause of action alleged in the Complaint. *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989). Whether to enter default judgment is within the district court's discretion. *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993).

When a defendant is found in default, all factual allegations in the Complaint are deemed admitted and not subject to challenge. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994). However, allegations regarding the amount of damages are not deemed admitted. *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,* 722 F.2d 1319, 1323 (7th Cir. 1983); *see also* Fed.R.Civ.P. 8(b)(6). Thus, on default, the Court may conduct a hearing when it is necessary to perform an accounting, ascertain damages, "establish the truth of any allegation by evidence," or investigate any other matter. Fed.R.Civ.P. 55(b)(2)(A)–(D).

Here, consistent with the allegations in the Complaint, Plaintiffs seek the following damages on default for the actual amount due and owing:

a. $113,555.92 in delinquent fringe benefit contributions.

b. $13,499.19 in liquidated damages.

c. $3,994.93 in attorneys' fees and costs.

The Court finds that the damages on default are ascertainable without the necessity of a hearing. Accordingly, Plaintiffs' Motion is **GRANTED**; Default Judgment is entered in favor of Plaintiffs and against Defendant.

**IT IS SO ORDERED.**

**DATED:  February 18, 2025**

**STACI M. YANDLE**
**United States District Judge**